UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NATALIE PATTILLO and COLTON CONROY, individually and as next friends to A.B., C.D., and E.F.,

Plaintiffs,

v.

JONATHAN FISHMAN,

Defendant.

C.A. No. 1:25-cv-588-MRD-AEM

**ORDER**

MELISSA R. DUBOSE, United States District Judge.

Before the Court is Defendant Jonathan Fishman's Motion for Summary Judgment, ECF No. 22, predicated on the doctrine of *res judicata*, arguing that Plaintiffs are barred from pursuing their claims in this Court because a state court action arising from the same facts has been fully adjudicated. The Court has considered the arguments in Defendant's Motion, Defendant's Statement of Undisputed Facts, ECF No. 21, Plaintiffs' Opposition to the Motion for Summary Judgment, ECF No. 24, Plaintiffs' Statement of Disputed and Undisputed Facts, ECF No. 25, and Defendant's Reply in Support of his Motion for Summary Judgment, ECF No. 28.

The elements of *res judicata* "are (1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later suits;

and (3) an identity of parties or privies in the two suits." *Benenson v. Comm'r of Internal Revenue,* 887 F.3d 511, 516 (1st Cir. 2018) (quoting *Kale v. Combined Ins. Co. of Am.,* 924 F.2d 1161, 1165 (1st Cir. 1991)). Upon careful examination of the parties' arguments and the case law relevant thereto, the Court finds that the latter two elements are met here, but not the first.

With respect to the identity of parties, the Court concludes that the parties are, in fact, identical under the law. The minor children plaintiffs were "privies" in the previous state court actions. *See Shannahan v. Moreau*, 202 A.3d 217, 228 (R.I. 2019) (stating that, under Rhode Island law, "[p]rivity exists where there is 'a commonality of interests' such that one party adequately represents the other's interests") (quoting *Huntley v. State*, 63 A.3d 526, 531 (R.I. 2013))).

Looking to the identity of the causes of action, the First Circuit "employs a transactional analysis" wherein "as long as the new complaint grows out of the same transaction or series of connected transactions as the old complaint, the causes of action are considered to be identical." *Haag v. United States*, 589 F.3d 43, 46 (1st Cir. 2009) (quoting *Kale*, 924 F.2d at 1166). Here, both prior state court proceedings and the matter before this Court arise out of the same series of events relating to Defendant's[1] eviction cause of action. Therefore, "the causes of action are considered to be identical" for *res judicata* purposes.

[1] Defendant in this case was the plaintiff in the state court action and Plaintiffs in this case were the defendants in the state court action.

*Res judicata* falters, however, at the element considering whether a final judgment on the merits was entered in the earlier action. Upon the Court's review of the Superior Court's hearing transcript, ECF No. 22-3 at 56–84, the Superior Court did not consider Plaintiffs' attempted counterclaims related to the lead paint hazards on the property. After much discussion about why the case had proceeded the way it had at the District Court and then the Superior Court, the Superior Court Justice presiding over the hearing appears to have denied Plaintiffs' motions to file counterclaims out of time and was set to proceed on Defendant's Complaint with respect to his attempt to evict them. *Id.* at 77–78. The only crystal clear part of the Superior Court record, as provided to this Court, is that the parties entered into a stipulation in which the Plaintiffs agreed to pay $9,000 in rent arrears in exchange for them not to be formally adjudicated as evicted. *Id.* at 42, 80. There is no indication from the hearing transcript that the Superior Court Judge considered or adjudicated any of their defenses for withholding their rent in the first place.

Therefore, in this Court's view, even though there was a final stipulated judgment in Superior Court, Plaintiffs' claims against Defendant for lead paint violations (and the other claims alleged that are related thereto) were never considered or adjudicated on the merits at the state court. In other words, there was not "a final judgment on the merits in an earlier action" for purposes of meeting the *res judicata* standard. Accordingly, Defendant's Motion for Summary Judgment, ECF No. 22, is DENIED.

IT IS SO ORDERED.

Melissa R. DuBose
United States District Judge

November 20, 2026